UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONALD WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:20-cv-03316 (UNA) |
| | ) | |
| | ) | |
| EDWARD MARKEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's untitled initiating pleading and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case because the pleading fails to meet the minimal requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and fails to establish subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Pittsburgh, Pennsylvania, sues a United States Senator. He also lists a United States Representative as an "involved party." He contends that defendant "is alleged to have been in receipt of un-traceable dark money influencing social media in detriment of [2020 Massachusetts] Senate . . . election." The remainder of the pleading states

> [m]ost issues in this matter concern un-traceable dark money used by Senator Edward Markey in the Senate/MA 2020 Election and the administration and conduct of elections are governed and regulated by state law and are best addressed by state and local election officials, [] however this particular allegation consists of a federal question of jurisdiction. [] Federal law enforcement and prosecutorial authorities have jurisdiction to investigate and, [] when appropriate prosecute election fraud in the forgoing matter of un-traceable dark money and how it influenced social media.

These allegations are insufficient to satisfy Rule 8(a). More specifically, the vague conspiracy claims comprising the pleading fail to provide adequate notice of any claim. The causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's jurisdiction, or a valid basis for an award of damages. In fact, it is unclear what damages plaintiff seeks.

Plaintiff has also failed to plead facts to establish his standing to sue, and "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). Federal courts only have subject matter jurisdiction if there is a "Case" or "Controvers[y]" to be decided, U.S. Const. Art. III, § 2, and in the absence of any actual or threatened injury, no such case or controversy exists. The alleged "injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–50 (2010)).  Here, plaintiff has not shown what, if any, injury he sustained as a result of these allegations.  Further, "generalized grievances . . . shared in substantially equal measure by . . . a large class of citizens . . . does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

To the extent that plaintiff seeks to compel a criminal investigation by federal law enforcement agencies, he may not do so by filing a complaint with this court.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case and such decisions are not subject to judicial review.  *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see also Powell*, 359 F.2d at 234–35; *Shoshone–Bannock Tribes*, 56 F.3d at 1480–81.  "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

For all the above reasons, this case will be dismissed.  A separate order accompanies this memorandum opinion.

Date: December 11, 2020

*Christopher R. Cooper*
CHRISTOPHER R. COOPER
United States District Judge